RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 05 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta DIVISION

Melvin Leroy Davis
(Print your full name)

Plaintiff *pro se*,

v.

Workforce Outsource Services (WOS)

Hewlett-Packard (HP)

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:15-CV-0658**

(to be assigned by Clerk)

## PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

    ☑  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

    > **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

☐ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE:** To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

☐ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE:** To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

☐ Other (describe) _____

_____

_____

_____

_____

_____

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. **Plaintiff.** Print your full name and mailing address below:

   **Name** Melvin Leroy Herring Davis

   **Address** 2666 Hewatt Road

   Snellville, Georgia 30039

4. **Defendant(s).** Print below the name and address of each defendant listed on page 1 of this form:

   **Name** Workforce Outsource Services

   **Address** 475 Riverside Drive, Suite 1350

   New York, NY 10115

   **Name** Hewlett-Packard

   **Address** 5555 Windward Parkway

   Alpharetta, GA 30004

   **Name**

   **Address**

## Location and Time

5. If the alleged discriminatory conduct occurred at a location **different** from the address provided for defendant(s), state where that discrimination occurred:

6. When did the alleged discrimination occur? (State date or time period)

   Between the dates of March 23rd, 2014 until May 27th, 2014.

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   ☑ Yes   ☐ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

   ☑ Yes   ☐ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _____

9. If you are suing for **age discrimination**, check one of the following:

   ☐ 60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   ☐ Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

   __N/A__ Yes          __N/A__ No          __N/A__ Not applicable, because I was not an employee of, or applicant with, a State agency.

   If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

   N/A

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

   ☐ Yes          ☐ No          ✓ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

   If you checked "Yes," describe below what happened in that administrative process:

   N/A

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

   - [✓] failure to hire me
   - [ ] failure to promote me
   - [ ] demotion
   - [ ] reduction in my wages
   - [✓] working under terms and conditions of employment that differed from similarly situated employees
   - [✓] harassment
   - [✓] retaliation
   - [✓] termination of my employment
   - [ ] failure to accommodate my disability
   - [ ] other (please specify) _____

13. I believe that I was discriminated against because of (check only those that apply):

   - [ ] my race or color, which is _____
   - [ ] my religion, which is _____
   - [ ] my sex (gender), which is  ____ male  ____ female
   - [ ] my national origin, which is _____
   - [ ] my age (my date of birth is _____ )
   - [ ] my disability or perceived disability, which is:
     _____

   - [✓] my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

   - [ ] other (please specify) _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

1. On March 2014, I wrote and sent a statement to the EEOC office requesting assistance for what I believed and still believe was harassment against me by an HP employee named Trudy Jerls. I expressed a desire to garner assistance with the cause of the harassment to the EEOC office. I notified the WOS liaison and one of my supervisors, James "Jim" Minta, the following day (24 March 2014) of my contact with the EEOC office and provided him a copy of the complaint, which included the information on retaliation for such complaints listed at (.eeoc.gov/laws/types/fact-retal.) and (www.eeoc.gov/policy/docs/retal.html#llpartD) and how EEOC defined retaliation on their website in the spirit of transparency. Immediately following me providing him the complaint he wrote a defamatory letter about me to include but not limited to Lee Panosian of HP as one of the recipients. I would meet with Mr. Panosian on 27 March 2014 as requested by himself. The discussion never directly addressed my complaint and can only be summarized as a critique of when "my integrity should be publicly displayed and some battles I will not win". Shortly thereafter Mr. Minta adjusted his seating arrangement in the office to further increase his surveillance of my actions and whereabouts. Mr. Minta also admitted to me in the presence of William Bryant that he would be attending Ms. Jerls' "Management Essentials I" class "to keep a closer eye on you". On 2 separate occasions in his increased surveillance of me he moved my seating arrangement in the class to place me directly next to him to reinforce his proclamation.

2. I began being constantly called for meetings with Jim Minta, at one such meeting on 25 March 2014, Mr. Minta took me to a private focus room and insisted that I change my complaint written on 23 March 2014, to not include the word "harassment". He went on further to say that Ms. Jerls could potentially lose her job. I refused to change the wording as I thought it was immoral & unethical to do so, and I requested that my complaint be forwarded to WOS human resources. Jim threatened that if I didn't change the wording then the consequences may be professionally dire with my employment at HP.

3. On 30 April 2014, I was the only person employed by WOS given a second performance evaluation. My overall score on the unwarranted performance evaluation was a 3.27 out of a possible 5.0. Mr. Minta placed me on an unwarranted "Performance Improvement Plan"(PiP) stating that if the PiP was not fulfilled to his satisfaction my employment with HP/WOS would be terminated. There were 6 items indicated on the PiP, each item took specifically positive language from the unwarranted performance evaluation written by my direct supervisor, Kimberly Speed at the request of Jim Minta, and changed it to negative language to support the creation of the PiP. So different was the change in language that it is tremendously clear that the PiP was a set up for my inevitable failure and to provide reason for my termination. No one else was placed on a performance improvement plan, furthermore, there were no defined metrics of success or failure attached the PiP. The only standard was Mr. Minta's opinion, I pointed all of these inconsistencies out in my rebuttal of the PiP and arranged a meeting between Mr. Minta, William Bryant of HP, and myself on 6 and/or 7 May 2014. Both Mr. Minta and Mr. Bryant refused my meeting offers for them to discuss some solid measurable standards that should have been associated with the unwarranted PiP plan.  At the follow up meetings scheduled in the PiP for 8 and 20 May 2014 , I was told to explain my actions in day-to-say performance of the job, very specific issues were held against me, and only me, even though I was part of a group that would have been considered equally wrong, but no adverse action

was taken against them only myself. I requested numerous times that a representative from WOS human resources be present at all the constant meetings to protect the rights of both parties, Mr. Minta refused to comply with my request even going so far as to state that WOS "had no human resources because they were a very small non-profit". I was denied a human resources representation all 4 times that I requested it and it created a very intimidating environment for me.

4. I was officially terminated from employment with HP and WOS on 27 May 2014. The reason listed was that I had not passed one of the 12 classes in the academic portion of the contract. The class in question was the "Management Essentials II" course taught by Alex Denson, an employee of HP at the time. It was discovered by the Georgia Institute of Technology (Georgia Tech) Professional Education Academic review board initiated by myself on 3 October 2014, that 6 of my academic grades had been altered without my knowledge by Ms. Denson and/or Mr. Minta, resulting in a failure of the course in question. The failure was overturned because of questionable behavior on the behalf of Ms. Denson and/or Mr. Minta and I received my certificate of completion. I notified Mr. Minta of the results of the academic review boards findings on 10 November 2014, Mr. Minta then responded on 18 November 2014 that there were "other performance issues" that caused some unnamed decision maker (I can only assume Mr. Panosian) to "concur" with my termination. Neither the termination letter, the response rendered by Mr. Minta on 18 November 2014 , or the verbal dismissal counseling session on the 27 May 2014 outlined any other rationale for my termination except not passing the Management Essentials II course, that we later discovered the grades had been altered on. There was no significant non-discriminatory reason for my termination, even if with the inclusion of the illegal and retaliatory PiP plan drafted by Mr. Minta to facilitate that termination.

15. Plaintiff ☐ still works for defendant(s)
    ☑ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? ☐ Yes ☑ No

    If you checked "Yes," please explain: N/A

    _____
    _____
    _____
    _____

17. If your case goes to trial, it will be heard by a judge unless you elect a jury trial. Do you request a jury trial? ☑ Yes ☐ No

## Request for Relief

☑ Defendant(s) be directed to:

    Allow me to my previous employment position of reasonably equal rights, responsibilities, pay & benefits associated with being a contract entry-level IT project manager at the Hewlett Packard job site located at 5555 Windward Parkway, Alpharetta, GA 30004 for at least 8 months and granted full access to any and all employment opportunities that I am qualified to fill based upon job skills and experience that I factually possess due to my education and or work experience including contract employment with Hewlett Packard. With express permission to re-file civil suit by all parties involved if any form of defamation of my character resulting employment loss or denial of employment opportunity due any form of communication whether written, verbal or non-verbal.

    A written public apology posted on both the Workforce Opportunity Services and Hewlett Packard websites in a 12-pt. font as a clickable link that explains culpability of both organization in regards to the inappropriate retaliatory behavior conducted by their staff to include a posted transcript of proceedings that resulted from events that have transpired as a result of this case.

☑     Money Damages (list amounts):

    Back Pay Wages: $ 21,000.00

    Loss of Future Earnings: $ 130,000.00

    Emotional Distress from defamation of character:

    $ 200,000.00

    Punitive Damages:  $250,000.00

☑     Costs and fees involved in litigating this case

☑     Such other relief as may be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 2nd day of March, 20 15

*[signature]*

(Signature of plaintiff *pro se*)

Melvin Leroy Davis

(Printed name of plaintiff *pro se*)

2666 Hewatt Road

(street address)

Snellville GA, 30039

(City, State, and zip code)

DavisMelvinLH@gmail.com

(email address)

770-896-8259

(telephone number)

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Melvin L. Davis<br>2666 Hewatt Rd.<br>Snellville, GA 30039 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2015-01320 | Jennifer L. Vanairsdale,<br>Supervisory Investigator | (404) 562-6828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

DEC 15 2014

*(Date Mailed)*

Enclosures(s)

cc:

WORKFORCE OPPORTUNITY SERVICES
5555 Windward Parkway
Alpharetta, GA 30004